947 F.2d 947
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elsie and Albert WILHELM, Plaintiffs-Appellants,
v.
CITY OF GATLINBURG, Defendant-Appellee.
 No. 90-6498.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and DUGGAN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs Elsie and Albert Wilhelm appeal the district court's judgment for the defendant, City of Gatlinburg, in this diversity personal injury action. Elsie Wilhelm sustained injuries after she tripped and fell on a city sidewalk and brought a claim based upon the Tennessee Governmental Tort Liability Act, Tenn.Code Ann. §§ 29-20-201 to 205 (1980). Plaintiff Albert Wilhelm's claim for loss of consortium and services is wholly derivative and, therefore, dependent upon resolution of his wife's cause of action.
 
 
 2
 The issue is whether the district court erred in holding, as a matter of law, that the plaintiffs failed to prove that the City of Gatlinburg had constructive notice of the allegedly unsafe condition of the sidewalk, as required in order to remove its governmental immunity under Tennessee law. Tenn.Code Ann. § 29-20-203(b).
 
 
 3
 It was established at trial that a one-half to three-quarters of one-inch divergence existed at a joint between two concrete pads in the sidewalk where plaintiff Elsie Wilhelm tripped. Without reaching the issue of whether this uneven edge constituted a "defective, unsafe, or dangerous condition," the district court found that the slight difference in height was neither so apparent nor dangerous as to put the City of Gatlinburg on constructive notice of its existence under section 29-20-203(b). Further, the district court held that constructive notice could not be charged to the city based on an alleged failure to inspect its sidewalks for defective or unsafe conditions because, under Tennessee Code section 29-20-205(4), the city retains governmental immunity from liability for injuries proximately caused by a failure to inspect or a negligent inspection of a city sidewalk. We agree.
 
 
 4
 For those reasons and for the reasons more fully stated in the district court's written findings of fact and conclusions of law, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation